IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS DONNELLY, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. 4:15-cv-11120 |
| v. | ) ) |
| EQUITYEXPERTS.ORG, LLC, | ) **Class Action Complaint** |
| | ) |
| Defendant. | ) **Jury Trial Demanded** |
| _____ | ) |

## NATURE OF ACTION

1. Thomas Donnelly ("Plaintiff") brings this class action against EquityExperts.org, LLC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. In particular, Plaintiff alleges that Defendant failed to properly provide him with disclosures required by 15 U.S.C. § 1692g(a), and impermissibly charged excessive fees and costs incident to the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692f.

## BACKGROUND

3. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

4. It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal

1

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5.  Recently, the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

6.  Of these complaints about debt collection practices, over one third relate to debt collectors' attempts to collect debts that consumers do not owe.[2]

7.  To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a).

8.  These validation notices must advise consumers of, among other things, the right to dispute a respective debt and to request, *in writing*, that the debt collector provide the consumer with certain information. 15 U.S.C. § 1692g(a)(4).

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

9. Specifically, if a consumer "notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed," the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer," and mail "a copy of such verification or judgment" to the consumer. *Id*. (emphasis added).

10. "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"[3]

11. Separately, the FDCPA prohibits debt collectors from charging fees incident to the collection of debt that are not authorized by contract or statute.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

14. Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Oakland.

15. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

---

[3] *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—specifically, homeowner's association assessments (the "Debt").

18. Plaintiff's Debt was considered by the original creditor to be in default when referred to Defendant for collection.

19. Defendant is a Michigan-based limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### A. EquityExperts.org, LLC's debt collection strategy

22. Defendant, a Michigan-based debt collector, utilizes a five-step process to collect debts on behalf of its association clients.

23. As touted on its web site, Defendant first notifies an alleged debtor that his debt has been referred to a collection agency and that if full payment is not made within 30 days, a lien will be filed on the consumer's home.[4]

24. Defendant charges consumers a fee for sending this initial collection letter.

25. If full payment is not made within 30 days, Defendant then files a lien on the consumer's home, and charges the consumer additional fees for doing so.

26. At that point, if the consumer does not resolve his debt—and Defendant's resulting fees—the consumer's file would move to the "constant contact" phase, whereby Defendant repeatedly calls and sends letters to the consumer in an attempt to collect the alleged debt. At the same time, Defendant tacks on an additional fee.

27. Thereafter, if the outstanding debt still is not resolved, Defendant notifies the consumer of its intent to foreclose on the consumer's home and move forward with foreclosure by advertisement.

**B. EquityExperts.org, LLC's efforts to collect an alleged debt from Plaintiff**

28. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated February 26, 2015. A true and correct copy of Defendant's February 26, 2015 communication is attached hereto as Exhibit A.

29. Defendant's February 26, 2015 communication was Defendant's initial communication to Plaintiff regarding the Debt.

---

[4]   *See* http://www.equityexperts.org/faq-page#n34 (last visited March 18, 2015).

5

30. Defendant's February 26, 2015 communication demanded payment of a current balance of $560.00. Ex. A.

31. Defendant's February 26, 2015 communication stated, in pertinent part:

NOTICE OF IMPORTANT RIGHTS

Equity Experts.org, LLC is a debt collector. This communication is from a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose. The name of the creditor to whom the debt is owed is Stonegate Pointe. The amount of the debt owed is $560.00 for property 296 ARUSHA.

Unless you dispute the validity of the debt, or any part of the debt, within 30 days from the date of this letter Equity Experts.org will obtain verification of the debt or a copy of judgment against you, if any, and mail a copy of the verification or judgment to you. If you request the name of the original creditor, IN WRITING, within 30 days from the date of this letter, Equity Experts.org will provide the name and address of the original creditor, if different from the current creditor.

Ex. A.

32. Defendant did not otherwise communicate with Plaintiff within the five days following its initial communication to him regarding the Debt.

33. Defendant's February 26, 2015 communication to Plaintiff violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only have mailed to Plaintiff verification of the Debt, or a copy of the judgment, if Plaintiff requested, in writing, that Defendant do so.

34. That is, Defendant was not required to mail verification of the debt, or a copy of the judgment, to Plaintiff if he orally requested that Defendant do so, or in the absence of any request by Plaintiff.

35. Defendant's February 26, 2015 communication, however, states verification will automatically be provided, which is not the case, and that there is one standard if a consumer wants to obtain the name and address of the original creditor within the subject thirty-day time period—send a written request—and a different standard if the consumer wants to obtain verification of the debt or a copy of any judgment—do nothing at all.

36. Moreover, Defendant incorrectly states that requests for the name and address of the original creditor must be made within 30 days of the date of the letter, as opposed to within 30 days of Plaintiff's receipt of the letter.

37. This misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that requests for debt validation need not be made at all, and that requests for the name and address of the original creditor must be made within 30 days of the date of the letter, as opposed to within 30 days of its receipt.

38. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate his or her rights under the FDCPA.

39. Moreover, failing to request verification in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

40. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the

7

> 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id.* at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

41. In response to Defendant's February 26, 2015 communication, Plaintiff sent email correspondence to Defendant requesting verification of the alleged Debt. In so doing, Plaintiff specifically disputed the validity of the alleged Debt.

42. In response, Defendant stated that Plaintiff's alleged Debt of $560.00 consisted, in part, of $270.00 in "collection fees" owed to Defendant, which Defendant explained is for its "standard account setup fee and intent to record lien."

43. Upon information and good faith belief, Defendant's "collection fees" were neither expressly authorized by the agreement creating the alleged Debt, nor were they otherwise permitted by law.

44. Moreover, upon information and good faith belief, the "collection fees" charged by Defendant are substantially more than any costs of collection borne by the original creditor.

45. Indeed, it does not appear that the original creditor bore any costs of collection at all. As Defendant advertises on its web site:

> Our contingency based firm offers a full range of services related to your Association's collection needs. We are the ONLY one-stop-shop in the industry and guarantee positive results at NO RISK & NO COST to your Association![5]

46. Upon information and good faith belief, Defendant's February 26, 2015 communication to Plaintiff was based on a template used by Defendant to collect debts from consumers throughout Michigan.

47. Upon information and good faith belief, Defendant routinely attempts to collect fees and costs, incident to the collection of consumer debt, that are not authorized by contract or by law.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two Classes consisting of:

<u>Disclosure Class</u>

(a) All persons with Michigan addresses, (b) to whom EquityExperts.org, LLC mailed an initial debt collection communication that stated: "Unless you dispute the validity of the debt, or any part of the debt, within 30 days from the date of this letter Equity Experts.org will obtain verification of the debt or a copy of judgment against you, if any, and mail a copy of the verification or judgment to you," or "If you request the name of the original creditor, IN WRITING, within 30 days from the date of this letter, Equity Experts.org will provide the name and address of the original creditor, if different from the current creditor, (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

---

[5] *See* http://equityexperts.org (last visited March 18, 2015).

9

### Fee Class

(a) All persons with Michigan addresses, (b) to whom EquityExperts.org, LLC sent a demand for payment for EquityExperts.org, LLC's fees and expenses incurred in connection with its attempts to collect a debt from such person, (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

49. The proposed Classes satisfy Fed. R. Civ. P. 23(a)(1) because they are so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Classes are ascertainable in that, upon information and belief, the names and addresses of all members of the proposed Classes can be identified in business records maintained by Defendant.

50. The proposed Classes satisfy Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the Classes. To be sure, the claims of Plaintiff and all of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Classes.

51. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the Classes and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Classes that he seeks to represent. Indeed,

Plaintiff was appointed as Class Representative by the Eastern District of Michigan in a previous class action against Defendant regarding Defendant's illegal debt collection practices.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

53. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

54. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Classes. Among the issues of law and fact common to the Classes are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g(a);

    c. Defendant's demands for payment of collection fees and costs that are not authorized by contract or law;

    d. the existence of Defendant's identical conduct particular to the matters at issue;

    e. the availability of statutory penalties; and

    f. the availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### On behalf of Plaintiff and the Fee Class

55.     Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1-54 above

56.     15 U.S.C. § 1692e(2)(A) provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

   (A)    the character, amount, or legal status of any debt;

57.     In its February 26, 2015 communication, Defendant falsely, deceptively, and/or misleadingly stated the amount of the Debt owed by Plaintiff by including "collection fees" of $270 in Plaintiff's alleged balance.

58.      Because Plaintiff did not owe any collection fees to Defendant, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged Debt.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(1)
### On behalf of Plaintiff and the Fee Class

59.     Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1-54 above.

60.     15 U.S.C. § 1692f(1) provides:

>Unfair practices
>
>A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>(1) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

61.     Defendant violated 15 U.S.C. § 1692f(1) by charging fees and costs of collection that were neither expressly authorized by the agreement creating the debt or by law.

62.     Defendant also violated 15 U.S.C. § 1692f(1) by charging fees and costs of collection that were not borne by the original creditor.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692g(a)
### On behalf of Plaintiff and the Disclosure Class

63.     Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1-54 above.

64.     15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days a*fter receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request *within the thirty-day period*, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(emphasis added).

65. Defendant's February 26, 2015 communication was its initial communication to Plaintiff regarding the Debt.

66. The February 26, 2015 communication was in connection with an attempt to collect the Debt from Plaintiff.

67. At the time Defendant acquired Plaintiff's Debt for collection, the Debt was considered to be in default by the original creditor.

68. The February 26, 2015 communication did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendant provide such disclosures within five days thereafter.

69. Specifically, Defendant's February 26, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt to him, and a copy of any judgment, if he notified Defendant of his request in writing.

70. "Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing." *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) (citing *Bicking*, 783 F. Supp. 2d at 844–46; *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09–CV–43–D, 2010 WL 1980083, at *6–7 (E.D.N.C. Mar. 1, 2010); *Nero v. Law Office of Sam Streeter*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742–44 (N.D. Ill. 2003); *Carroll v. United Compucred Collections, Inc.*, No. 1–99–0152, 2002 WL 31936511, at *8–9 (M.D. Tenn. Nov. 15, 2002); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340–41 (E.D.N.Y. 2002)).

71. Separately, Defendant's February 26, 2015 communication violated 15 U.S.C. §1692g(a)(5) by incorrectly informing Plaintiff that any requests for the name and address of the original creditor must be made within 30 days of February 26, 2015, as opposed to within 30 days of Plaintiff's receipt of the February 26, 2015 communication.

72. The result of Defendant's violation of 15 U.S.C. §1692g(a)(5) is to truncate, in violation of the FDCPA, the amount of time within which Plaintiff can request the name and address of the original creditor.

73. As a result, Defendant violated 15 U.S.C. §1692g(a).

## TRIAL BY JURY

74. Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a) Determining that this action is a proper class action under Fed. R. Civ. P. 23;

    b) Certifying Plaintiff as class representative;

    c) Appointing Plaintiff's counsel as class counsel;

    d) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692g(a);

    e) Enjoining Defendant from future violations of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692g(a) with respect to Plaintiff and the proposed classes;

    f) Awarding Plaintiff, and members of the proposed classes, statutory damages as allowed under the FDCPA;

    g) Awarding Plaintiff, and members of the proposed classes, actual damages;

    h) Awarding Plaintiff, and members of the proposed classes, reasonable attorneys' fees and expenses incurred in this action;

      i)      Awarding Plaintiff, and members of the proposed classes, any pre-judgment and post-judgment interest as may be allowed under the law; and

      j)      Awarding other and further relief as this Court may deem just and proper.

Dated: March 26, 2015

Respectfully submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the Proposed Classes

Ronald S. Weiss (P48762)
Law Offices of Ronald S. Weiss
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@YourFairDebtCollectionRights.com
248-737-8000
248-737-8003 (Fax)

Counsel for Plaintiff and the Proposed Classes